IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Martina Putnam, #334375, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden Yeldell, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 2:18-1094-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 32) recommending Defendant's motion for summary judgment be granted to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court, grants Defendant's motion for summary judgment (Dkt. No. 19), dismisses Petitioner's petition and denies a Certificate of Appealability.

I. **Background**

Martina Putnam is a state prisoner proceeding *pro se* to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) This case arises from the Petitioner's 2009 state court conviction for homicide of her infant son by child abuse. Petitioner directly appealed that conviction, which was denied. Her subsequent application for post-conviction relief was denied, which the South Carolina Court of Appeals affirmed. Her petition for a rehearing was denied, as was her petition to the South Carolina Supreme Court for certiorari.[1]

---

[1] The Court incorporates by reference the comprehensive factual and procedural background provided in the Magistrate Judge's R & R. (Dkt. No. 32 at 1-7.)

Petitioner now seeks federal habeas relief on eight specific grounds: (1) ineffective assistance of counsel for failure to secure trial witnesses; (2) "information gained by someone other than law enforcement and not Mirandized by police"; (3) no Miranda given; (4) extraordinarily high bond of $250,000; (5) "law enforcement used an officer to create information used at trial to substantiate State's claims"; (6) counsel failed to "question persons on the stand offering no reasons for the lack of information in the discovery process and not asking for release of custody"; (7) counsel failed "to actually go to the crime scene"; and (8) "[p]rior to indictment petitioner asked for habeas corpus and asked for new representation and was denied on both without explanation; after a twenty-three month wait the indictment handed down was no more than exact copy of the warrant." (Dkt. No. 1 at 6-11.) Defendant Warden Yeldell moves to dismiss the petition on summary judgment (Dkt. No. 19), to which Petitioner filed a response in opposition (Dkt. No. 23) and Defendant replied (Dkt. No. 30). Petitioner also filed objections to the R & R. (Dkt. No. 34.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**C.     Federal Habeas Relief Pursuant to 28 U.S.C. § 2254**

Habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citation and internal quotation marks omitted). Federal habeas is neither an alternative to state-court relief nor an additional chance to appeal erroneous state-court rulings. *See id.* The preference for, and deference to, state courts is borne out in the various constraints placed on federal courts. *See*

-3-

*Shoop v. Hill*, 139 S.Ct. 504, 506 (2019) (per curiam) (stating § 2254 "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases"); *see also Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (stating § 2254 "reflect[s] a presumption that state courts know and follow the law" (citation and internal quotation marks omitted)).

For instance, a state prisoner who challenges matters "adjudicated on the merits in State court" cannot get relief in federal court unless she shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Meaning, a state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington*, 562 U.S. at 103.

Federal courts must also defer to state courts' factual determinations, which are presumed correct unless and until the prisoner rebuts that presumption with clear and convincing evidence. § 2254(e)(1). In addition, before a state prisoner may try to overcome those high hurdles, two rules steer her to first pursue all relief available in the state courts. *See* § 2254(b)(1). The first, known as exhaustion of remedies, requires a prisoner to present her claims to the highest state court with jurisdiction to decide them. *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010). A federal court cannot grant a prisoner's habeas petition until she exhausts her state-court remedies. § 2254(b)(1), (c). The second rule, called procedural default, comes into play when a prisoner failed to present a claim to the state courts at the appropriate time and has no means of doing so now. *Stewart*, 701 F. Supp. 2d at 790. Federal courts may not

consider a procedurally defaulted claim unless the prisoner shows either that she has cause for defaulting and that the alleged violation of federal law prejudiced her, or that not addressing the claim would be a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III. Discussion

After careful review of the petition—given an appropriately liberal construction accorded to *pro se* litigants—as well as the record, arguments on summary judgment and Petitioner's objections to the R & R, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition should be dismissed under Rule 56. There is no material issue of fact as to whether Petitioner's claims are properly before the Court or whether the state court's decisions were legally or factually unreasonable because, as the Magistrate Judge details for each ground in turn, all of Petitioner's grounds lack merit and Grounds Five through Eight are procedurally defaulted.

Regarding Ground One, *Strickland v. Washington*, 466 U.S. 668 (1984) is highly deferential to the counsel and § 2254(d) is highly deferential to the state court. The Court's review of Ground One is, therefore, "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The question is "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Separately reviewing the three sub-grounds raised in Ground One, the South Carolina Court of Appeals' no-prejudice determinations were legally and factually reasonable. Regarding Grounds Two and Three, the trial court determined that "based on the totality of the circumstances . . . [Putnam] was not in custody at the time the statements were given" (Dkt. No. 18-1 at 98), which the Court of Appeals affirmed (Dkt. No. 18-2 at 529-30). This determination was not unreasonable under § 2254(d): the Court of Appeals did not exceed its "leeway" on the

facts or law, *Yarborough v. Alvarado*, 541 U.S. 652, 663-64 (2004) because the testimony offered at the suppression hearing clearly supported a no-custody finding. Last, Ground Four warrants a *de novo* review on the merits because it does not appear to have been previously raised on post-conviction relief. *See Cone v. Bell*, 556 U.S. 449, 472 (2009). But there is no support for the contention that Petitioner's $250,000 bail led to her custody or conviction, or was unconstitutionally high. *See Nelson v. Kitchen*, No. 6:09-cv-567-JFA-WMC, 2009 WL 1140361, at *4 (D.S.C. Apr. 27, 2009).

Grounds Five through Eight are procedurally defaulted. Petitioner did not previously raise the issues argued in Grounds Five and Six and, although the issues in Grounds Seven were raised during post-conviction relief proceedings, Putnam did not make a post-trial motion that the court address her claim more specifically and, therefore, it was not preserved for post-conviction relief appeal nor was it presented on appeal. *See Marlar v. State*, 653 S.E.2d 266, 266-67 (S.C. 2007). Ground Eight is likewise procedurally defaulted as not raised during post-conviction relief proceedings. And, as the Magistrate Judge analyzes in detail, Grounds Five through Eight would not withstand summary judgment on the merits even if they were not procedurally defaulted.

### IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing § 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that

reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that the eight grounds raised are without merit or procedurally defaulted. Therefore, a Certificate of Appealability is denied.

## V.  Conclusion

For the foregoing reasons, Court **ADOPTS** the R & R (Dkt. No. 13) as the Order of the Court, **GRANTS** Defendant's motion for summary judgment (Dkt. No. 19), **DISMISSES WITH PREJUDICE** Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 (Dkt. No. 1) and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 11, 2019
Charleston, South Carolina